1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
8  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| ALEZANDER DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>C. SNYDER, et al.,<br><br>    Defendants. | No. 2:14-cv-306-EFB P<br><br><u>ORDER SETTING SETTLEMENT<br>CONFERENCE</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a "Motion Requesting for Alternative Dispute Resolution." ECF No. 18. Plaintiff's motion is granted, as the court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California 96127 on March 29, 2016 at 11:00 a.m. The court will also extend the deadline for filing dispositive motions, currently set for March 18, 2016 (ECF No. 16), to May 27, 2016.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion Requesting for Alternative Dispute Resolution" (ECF No. 18) is granted.

2. The deadline for filing dispositive motions in continued to May 27, 2016.

1

3. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on March 29, 2016 at 11:00 a.m. at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California 96127.

4. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

6. Each party shall provide a confidential settlement conference statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than March 21, 2016, and file a "Notice of Submission of Confidential Settlement Statement." (*See* Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

      b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      c.  A summary of the proceedings to date.

      d.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

      e.  The relief sought.

      f.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

      g.  A brief statement of each party's expectations and goals for the settlement conference.

DATED: November 13, 2015.

      *(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE